UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIVETT BRACKETT,<br><br>                   Plaintiff,<br><br>          v.<br><br>AMERICAN AIRLINES GROUP INC.,<br><br>                   Defendant. | Case No.  21-cv-02681-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint.  Dkt. No. 10 ("Mot.").  Plaintiff initially filed this lawsuit in San Francisco County Superior Court, and Defendant removed it on the basis of diversity jurisdiction.  Dkt. No. 1.  The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).  For the following reasons, the Court **GRANTS** the motion to dismiss **WITH LEAVE TO AMEND**.

## I.    BACKGROUND

On August 4, 2019, Plaintiff attempted to board a flight from Miami to San Francisco. Dkt. No. 1 Ex. A ("Compl.") ¶ 6.  She alleges that she was prevented from boarding by Defendant's gate agent.  *Id.* ¶ 10.  Although it is not entirely clear from the complaint, it appears that there was a disagreement between Plaintiff and the gate agent about the size of Plaintiff's luggage and whether she would be permitted to carry her luggage on board.  *Id.* ¶¶ 7-9.  Plaintiff also alleges that the gate agent yelled at her and blocked her from the entry gate.  *Id.* ¶ 10.  She further alleges that she is an "African American Woman" and that as a result of Defendant's actions, she suffered "racial discrimination, humiliation and inconvenience."  *Id.*  ¶¶ 9, 11. Plaintiff brings four causes of action: (1) Breach of Contract; (2) Negligence under California

1   Civil Code § 1714; (3) Racial Discrimination under California Civil Code §§ 51, 51.5, and 52 (the

2   Unruh Civil Rights Act); and (4) Bane Act Violation.  *Id.* ¶¶ 12-31.

3   ## II.    LEGAL STANDARD

4       Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

5   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

6   defendant may move to dismiss a complaint for failing to state a claim upon which relief can be

7   granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the

8   complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

9   *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule

10  12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible

11  on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible

12  when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that

13  the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

14      In reviewing the plausibility of a complaint, courts "accept factual allegations in the

15  complaint as true and construe the pleadings in the light most favorable to the nonmoving party."

16  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless,

17  courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of

18  fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

19  2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

20      Even if the court concludes that a 12(b)(6) motion should be granted, the "court should

21  grant leave to amend even if no request to amend the pleading was made, unless it determines that

22  the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203

23  F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

24  ## III.    DISCUSSION

25      Defendant moves to dismiss each of Plaintiff's claims, arguing that she fails to adequately

26  allege the elements of her claims and improperly attempts to apply California law to events that

27  took place in Florida.  Mot. at 8.

28

*United States District Court*
*Northern District of California*

2

United States District Court
Northern District of California

### A.    Breach of Contract Claim

Defendant argues that Plaintiff's breach of contract should be dismissed because Plaintiff fails to identify the contractual terms that were allegedly breached.  Mot. at 12.  The Court agrees.

To state a breach of contract claim under California law, a plaintiff must allege "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  *Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011).  "In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached."  *See, e.g., Young v. Facebook, Inc.*, 790 F.Supp.2d 1110, 1117 (N.D. Cal. 2011); *see also Miron v. Herbalife Int'l, Inc.*, 11 Fed. Appx. 927, 929 (9th Cir. 2001) ("The district court's dismissal of the [plaintiffs'] breach of contract claims was proper because the [plaintiffs] failed to allege any provision of the contract which supports their claim.").

In her complaint, Plaintiff fails to allege any specific provisions of the contract she allegedly entered into with Defendant.  *See* Compl. ¶¶ 15-20.  In her opposition, Plaintiff asserts that her complaint identifies Defendant's conditions of carriage as the relevant contract.  Opp. at 3.  But nowhere in the complaint does Plaintiff even mention the conditions of carriage, let alone identify the specific provisions in the conditions of carriage allegedly breached by Defendant.  Based on the arguments presented by Plaintiff in her opposition, the Court has some doubt that Plaintiff will be able to adequately allege a breach of contract claim arising from Defendant's refusal to allow her to carry her luggage on board.  But the Court cannot at this stage conclude that amendment would be futile.  *See Lopez*,  203 F.3d at 1127.  Accordingly, the Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff's breach of contract claim.

### B.    Negligence Claim

Plaintiff brings her negligence claim under California Civil Code § 1714, alleging that Defendant violated its duty to reasonably manage and control its employees.  Compl. ¶¶ 16-20.  Defendant argues that Plaintiff fails to adequately plead a negligence claim under California law and fails to adequately justify application of California law to events that took place in Florida.  Mot. at 12-15.  The Court agrees.

As correctly pointed out by Defendant, California Civil Code § 1714 applies to the "design, distribution, or marketing of firearms and ammunition" and relates to liability "for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person."  Cal. Civ. Code § 1714.  The facts alleged in Plaintiff's complaint do not in any way relate to the duty of care for firearms and furnishing alcohol, and the Court finds that Plaintiff fails to state a claim for negligence under § 1714.  Further, Plaintiff cites no authority, and the Court has found none, that would justify applying California's negligence law to events that took place in Florida.  *See* Opp. at 8 (asserting without authority that "California law should apply to Plaintiff's claims because the contract was performed in San Francisco.").  Once again, the Court has significant doubts that Plaintiff will be able to adequately plead a California law negligence claim, but Plaintiff will be permitted an opportunity to amend her claim.[1]  Accordingly, the Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff's negligence claim.

### C.   Plaintiff's Unruh Civil Rights Act and Bane Civil Rights Act Claims

Defendant argues that Plaintiff's claims under the Unruh and Bane Acts should be dismissed because the alleged events took place outside of California.  Mot. at 17-20.  In her opposition, Plaintiff concedes that "California's Unruh and Bane Acts (Counts III and IV) may not reach outside the state's limit."  Dkt. No. 20 ("Opp.") at 1.  She does not attempt to oppose Defendant's motion to dismiss her third and fourth causes of action or request leave to amend her Unruh or Bane Acts claims.  Accordingly, the Court **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's claims under the Unruh and Bane Acts.

Plaintiff does, however, request leave to allege a new claim under 42 U.S.C. § 1981.  *Id.* at 6-7, 10-11.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities."  *Lopez*, 203 F.3d

---

[1] In her opposition, Plaintiff cites to California Civil Code § 2100.  Opp. at 7.  Section 2100 at least relates to the duty of care of common carriers.  But Plaintiff's complaint does not adequately allege that Defendant failed to "use the utmost care and diligence for [her] safe carriage" as the alleged events took place entirely before Plaintiff boarded Defendant's airplane and did not involve any sort of vehicle accident.  *See* Cal. Civ. Code § 2100.

4

at 1127.  Plaintiff has not yet amended her complaint, and Defendant does not argue that Plaintiff's request to amend should be denied due to undue delay or bad faith.  *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir.2008) (holding that a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.").  Defendant does argue that allowing Plaintiff to amend to add a 42 U.S.C. § 1981 claim would be futile and thus prejudice Defendant because it would have to move once again for dismissal.  Dkt. No. 23 ("Reply") at 10-11.  While the facts currently alleged (or to be alleged in an amended complaint) may or may not adequately state a claim under § 1981, the Court does not find at this stage that amendment would be futile.  Further, the Court is dismissing Plaintiff's breach of contract and negligence claims with leave to amend, so Defendant will have to move to dismiss again in any event, if it so chooses.  Accordingly, the Court will permit Plaintiff one opportunity to amend her complaint, including by adding a claim under 42 U.S.C. § 1981.  However, no other new causes of action or defendants may be added.

## IV.    CONCLUSION

The Court **GRANTS** the motion to dismiss.  The Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff's breach of contract and negligence claims.  The Court **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's Unruh and Bane Act claims.  Except as discussed above, Plaintiff may not add any new causes of action or defendants to an amended complaint, and any amended complaint must be filed within 21 days from the date of this Order.  The case management conference set for August 12, 2021 is **VACATED**.

**IT IS SO ORDERED.**

Dated:  August 10, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California