UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIVETT BRACKETT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN AIRLINES GROUP INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-02681-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND STRIKE**<br><br>Re: Dkt. No. 28 |

On January 11, 2021, Plaintiff Bivett Brackett filed this lawsuit against Defendant American Airlines Group, Inc. ("Defendant" or "American Airlines") in the San Francisco County Superior Court. Dkt. No. 1. Defendant removed on the basis of diversity jurisdiction and moved to dismiss the Complaint. Dkt. No. 13. The Court granted Defendant's motion on August 10, 2021. Dkt. No. 26. Plaintiff filed an amended complaint on August 31, 2021, which Defendant now moves to dismiss and to strike. *See* Dkt. Nos. 27 ("FAC") and 28 ("Mot."). Defendant's motion is fully briefed. *See* Dkt. Nos. 29 ("Opp.") and 30 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court **GRANTS IN PART and DENIES IN PART** the motion to dismiss.

**I.    BACKGROUND**

The Court accepts the following facts as true for the purposes of deciding this motion. Plaintiff Bivett Brackett is an African American woman. *See* FAC ¶ 22. On August 5, 2019, she attempted to board a flight from Miami, Florida to San Francisco, California. *Id.* ¶ 19. Although it is not entirely clear from the amended complaint, it appears that there was a disagreement between Brackett and the gate agent about the size of her luggage and whether she would be

permitted to carry her luggage on board. *Id.* ¶¶ 21-24. The FAC alleges that American Airlines gate agents "yelled and screamed" at Brackett and "intimidated" her by blocking and preventing her from reaching the entry gate and boarding the flight. *Id.* ¶ 23. The FAC further alleges that she watched Caucasian and Hispanic passengers board the same flight with luggage the same size as hers. *Id.* ¶¶ 22, 33.

Based on these facts, Brackett brings three causes of action: (1) breach of contract; (2) negligence under California Civil Code Section 1714; and (3) a federal claim for racial discrimination under 42 U.S.C. § 1981.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203

F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

### A. Motion to Dismiss

#### i. Negligence

Brackett's negligence claim under California Civil Code § 1714 alleges that American Airlines violated its duty to reasonably manage and control its employees. FAC ¶ 38. The Court previously dismissed Brackett's negligence claim in her original complaint because she provided no authority justifying the application of California's negligence law to events that took place in Florida. Dkt. No. 26 at 4. Again citing no authority, Brackett now argues that "California law should apply to [her] claims because the contract was performed in San Francisco and completed in San Francisco." Opp. at 10.

This argument lacks merit. Under California law, the relevant inquiry for whether a state law is being applied extraterritorially is "whether the conduct which gives rise to liability occurs in California." *Leibman v. Prupes*, No. 2:14-CV-09003-CAS, 2015 WL 3823954, at *7 (C.D. Cal. June 18, 2015) (citing *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal. 4th 1036, 1059, 80 Cal. Rptr. 2d 828 (1999)). And California's Supreme Court has made clear that there is a strong presumption against the extra-territorial application of California law. *See Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 127 Cal. Rptr.3d 185 (2011) ("However far the Legislature's power may theoretically extend, we presume the Legislature did not intend a statute to be 'operative, with respect to occurrences outside the state . . . unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history."); *see also N. Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4, 162 P. 93, 94 (1916).

To the extent Brackett's negligence claim is based on the allegation that "Defendant was negligent in its supervision and hiring of its agents," the FAC alleges no facts that could support an inference that such conduct occurred in California. *See* FAC ¶ 38. And to the extent she seeks extraterritorial application of California negligence law, she has provided no basis to conclude that the Legislature intended for § 1714 to apply in Florida. Accordingly, the Court again finds that

3

1   Brackett has failed to plead a plausible claim under California Civil Code § 1714.  The Court has
2   now given Brackett two opportunities to justify extraterritorial application of California
3   negligence law, and she has proven unable to do so.  The Court accordingly finds that granting
4   leave to amend again would be futile.  *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048,
5   1053 (9th Cir. 2003) (Courts should freely grant leave to amend absent evidence of "a party's
6   repeated failure to cure deficiencies by amendments previously allowed.").  The Court therefore
7   **GRANTS** Defendant's motion and dismisses Plaintiff's negligence claim without leave to amend.

           **ii.**    **Breach of Contract**

9         Defendant also moves to dismiss Brackett's breach of contract claim for failure to state a
10  claim upon which relief can be granted.  *See* Mot. at 11-12.  The FAC does not identify which
11  states' contracts law it seeks to apply, but Plaintiff's Opposition Brief appears to argue that
12  California law applies.  *See* FAC ¶¶ 25-34; Opp. at 12.  To the extent the FAC purports to plead a
13  breach of contract claim based on California law, it fails to justify why California law should be
14  applied because the conduct which allegedly gave rise to liability happened in Miami, Florida.
15  FAC ¶ 19; *Leibman*, 2015 WL 3823954, at *7  ("Under California law, the relevant inquiry for
16  whether a state law is being applied extraterritorially is not the location of employment or where
17  the contract was formed, but rather whether the conduct which gives rise to liability occurs in
18  California.") (citations and quotation marks omitted).   But even if Brackett could justify
19  extraterritorial application of California law, her breach of contract claim would still fail because
20  the FAC fails to allege how American Airlines breached a specific provision of its contract with
21  her.
22        To state a breach of contract claim under California law, a plaintiff must allege "(1) the
23  existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3)
24  defendant's breach, and (4) the resulting damages to the plaintiff."  *Oasis W. Realty, LLC v.*
25  *Goldman*, 51 Cal. 4th 811, 821 (2011).  "In an action for breach of a written contract, a plaintiff
26  must allege the specific provisions in the contract creating the obligation the defendant is said to
27  have breached."  *See, e.g., Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011);
28  *see also Miron v. Herbalife Int'l, Inc.*, 11 Fed. Appx. 927, 929 (9th Cir. 2001) ("The district

court's dismissal of the [plaintiffs'] breach of contract claims was proper because the [plaintiffs] failed to allege any provision of the contract which supports their claim.").

The FAC alleges that the parties agreed to American Airlines's "Conditions of Carriage," which serves as the "contract for transportation between American Airlines/American Eagle and each customer traveling wholly within/between the 50 United States, its territories and possessions." FAC ¶ 26. The FAC further alleges that American Airlines breached the contractual provisions that state that "[p]assengers are *usually* permitted a free cabin baggage allowance, the limit of which may differ by airline, class, route, and/or aircraft type," and that "[n]o agent, servant or representative of carrier has authority to alter, modify or waive any provision of this contract." *Id.* ¶¶ 29-30 (emphasis added).

The Court finds that the FAC fails to identify the contractual provision(s) in the Conditions of Carriage that American Airlines allegedly breached. The language in the contractual provisions identified is clearly conditional and does not obligate American Airlines to allow Brackett to bring a carry-on onto the plane. The Court is also not persuaded by Brackett's argument that American Airlines breached the Conditions of Carriage by "allowing Plaintiff to bring a checked bag to its ticket booth and past its gate, and then only requiring Plaintiff to check her carry-on luggage after allowing White and Hispanic passengers with the same size bags to embark with their property." Opp. at 11-12. As California law makes clear, "[a] contract is an agreement to do or not to do a specific thing." Cal. Civ. Code § 1549. Brackett has provided no authority for the proposition that alleging a civil rights violation automatically establishes a breach of contract claim, and the Court is aware of none. The Court accordingly **GRANTS** Defendant's motion and dismisses Plaintiff's breach of contract claim. Given Brackett's repeated failure to explain which contractual term American Airlines allegedly breached, the Court accordingly finds that granting leave to amend again would be futile. *See Eminence Cap., LLC*, 316 F.3d at 1053). Plaintiff's breach of contract claim is accordingly dismissed without leave to amend.

//

//

//

### iii. Section 1981

In the Court's order dismissing Brackett's original complaint, the Court granted her request for leave to allege a new claim under 42 U.S.C. § 1981. *See* Dkt. No. 26 at 5. The FAC accordingly includes a Section 1981 claim, which American Airlines now moves to dismiss for failure to state a claim. *See* Mot. at 17. American Airlines argues that the FAC fails to allege sufficient facts to support an inference that it intentionally discriminated against Brackett on account of her race, or that the discrimination interfered with an activity enumerated in the statute. *See* Reply at 8. The Court disagrees.

Section 1981 provides the following:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[.]

42 U.S.C. § 1981. The statute further defines "make and enforce contracts" to "includ[e] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). To plausibly allege a Section 1981 claim, a plaintiff must show "intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). In addition, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. National Assn. of Africa American-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

Brackett alleges that American Airlines' gate agents prevented her from boarding despite allowing Caucasian and Hispanic passengers to board the same flight with luggage the same size as hers. *See* FAC ¶¶ 21-24. Accepting those facts as true, as is required at this stage of the case, Brackett adequately alleges that, but for her race, she would have enjoyed the full benefits and privileges of her contract with American Airlines. As such, the Court finds that she has thinly but plausibly stated a prima facie case for violation of Section 1981. *See Keum v. Virgin Am. Inc.*, 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011) ("[Plaintiff] alleges that she was denied services, prevented from using facilities to which Caucasian passengers were permitted, and treated differently than

1  Caucasian passengers were. Given the low threshold for defeating a motion for judgment on the
2  pleadings, [Plaintiff]'s allegations must be seen as adequate, though not by a particularly large
3  margin."); *Trigueros v. Sw. Airlines*, No. CIV. 05-CV-2256-AJ, 2007 WL 2502151, at *4 (S.D.
4  Cal. Aug. 30, 2007) ("Plaintiffs have demonstrated through their deposition testimony that they
5  were denied the full benefits or enjoyment of a public accommodation when they were singled out
6  by being taken off the plane twice for admonishment for (1) refusing to move a stowed carry-on
7  bag after a Caucasian woman was not removed from the plane when she strenuously refused to
8  move her bag and (2) talking to fellow passengers about the incident."); *Bary v. Delta Airlines,*
9  *Inc.*, 2009 WL 3260499, at *9 (E.D.N.Y. Oct. 9, 2009), *aff'd*, 553 F. App'x 51 (2d Cir. 2014) ("At
10 the prima facie stage, where, as noted, plaintiff's burden is de minimus, plaintiff's testimony that
11 other white passengers were permitted to carry their bags onto the plane is sufficient to give rise to
12 an inference of race-based discrimination."). Defendant's motion to dismiss is accordingly
13 **DENIED** as to Plaintiff's Section 1981 claim.

### B. Motion to Strike

American Airlines also moves to strike Paragraphs 5-18 of the FAC. *See* Mot. at 19.
These paragraphs generally explain that the National Association for the Advancement of Colored
People has issued a travel advisory for American Airlines describing, "a pattern of disturbing
incidents reported by African-American passengers, specific to American Airlines." *See* FAC ¶¶
5-18. Brackett argues that American Airlines' "corporate culture" is relevant to showing its lack
of mistake in its treatment of Brackett and to potentially supporting an award of punitive damages.
Opp. at 13.

Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike
from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous
matter." Motions to strike are "regarded with disfavor" because they are often used as delaying
tactics and because of the limited importance of pleadings in federal practice. *Z.A. ex rel. K.A. v.*
*St. Helena Unified Sch. Dist.*, No. 09-CV-03557-JSW, 2010 WL 37033, at *2 (N.D. Cal. Jan. 25,
2010). Where there is any doubt about the relevance of the challenged allegations, courts in this
Circuit err on the side permitting the allegations to stand. *See id.* (citing *Fantasy, Inc. v. Fogerty*,

7

984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023 (1994)); *accord Pilgram v. Lafave*, No. 12-CV-5304 GAF-EX, 2013 WL 12124126, at *5 (C.D. Cal. Feb. 7, 2013); *Art Attacks Ink, LLC v. MGA Ent., Inc.*, No. 04-CV-1035-BLM, 2006 WL 8439887, at *4 (S.D. Cal. June 21, 2006). This is particularly true when the moving party shows no prejudice and when striking the allegations will not streamline the ultimate resolution of the action. *St. Helena Unified Sch. Dist.*, 2010 WL 370333 at *2.

The Court denies the motion to strike for three reasons. First, the relevance of the challenged allegations is at least in doubt. Second, American Airlines has failed to show how Brackett's allegations of publicly available facts prejudice it in this case. And finally, the motion to strike will do nothing to streamline the resolution of this lawsuit. Accordingly, Defendant's motion to strike is **DENIED.**[1]

## IV.  CONCLUSION

Defendant's Motion to Dismiss and to Strike is **GRANTED IN PART and DENIED IN PART.** The Court **SETS** a telephonic case management conference on February 15, 2022, at 2:00 p.m. All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The parties shall submit an updated joint case management statement by February 8, 2022.

//

//

//

---

[1] American Airlines also moves to strike the FAC's prayer for punitive damages. *See* Mot. at 19-20. This request is denied. This is a clear attempt to test the sufficiency and/or substantive merit of the FAC's punitive damages claim. Use of a Rule 12(f) motion for this purpose is improper. *See Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.") (citations and quotation marks omitted); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010); *JDC, Inc. v. Interstate Hotels & Resorts*, No. SA-CV-1000904-DOC-MLGX, 2010 WL 11596123, at *6 (C.D. Cal. Oct. 25, 2010).

**IT IS SO ORDERED.**

Dated: 1/31/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge